

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 06 CR 782 |
| | ) | |
| MAHMOUD SHAMAH | ) | Hon. Robert W. Gettleman |

## AGREED PROTECTIVE ORDER

The parties, through their respective counsel, agreed that the materials produced by the government in connection with any stage of the proceedings in this case, as well as the documents and information produced by the Chicago Police Department in response to defendant's subpoenas, may contain private information (including, but not limited to names, home addresses, dates of birth, and social security numbers) of certain victims and witnesses, and that a protective order preserving the confidentiality of such information should be entered by the Court. Finding that good cause exists for the entry of this protective order, it is hereby ORDERED as follows:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case shall remain the property of the United States. Upon conclusion of the trial and any appeals of this case or the earlier resolution of charges against the defendants, all such materials and all copies made thereof shall be destroyed. All copies withheld by the defense by express order of Court shall be preserved only so long as is necessary for further proceedings related to this cause, after which they shall be returned to the United States or destroyed. The Court may require a certification as to the disposition

of any such materials retained.

2. Within thirty (30) days of the termination of this action, counsel for the parties shall return all copies of the case reports and all documents produced by the Chicago Police Department in response to defendant's subpoenas, which were produced pursuant to this protective order, to the Chicago Police Department, Office of Legal Affairs (Unit 114) 3510 S. Michigan Ave., Chicago, Illinois 60653

3. All materials provided by the United States, as well as all materials produced by the Chicago Police Department in response to defendant's subpoenas, may be utilized by the defendants and their counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel, persons assisting in the defense, persons who are interviewed or consulted during the course of the investigation of this case or such other persons as to whom the Court may authorize disclosure. Any notes or records of any kind that defense counsel or the defendants may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendants' counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

4. The materials shall not be copied or reproduced except so as to provide copies

of the material for the use by each defense lawyer and defendant and such persons as are employed by them to assist in the defense and such copies and reproductions shall be treated in the same manner as the original matter.

5. The restrictions set forth in this order do not apply to documents that are public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise in the public domain.

6. Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in this protective order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

ROBERT W. GETTLEMAN
United States District Judge

September 29, 2008
DATE